Christopher J. Reichman SBN 250485
PRATO & REICHMAN, APC
8555 Aero Drive, Suite 303
San Diego, CA 92123
Telephone: 619-683-7971
Email: chrisr@prato-reichman.com

Attorney for Plaintiff
JONATHAN SAPAN

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JONATHAN SAPAN,<br><br>Plaintiff,<br>vs.<br><br>GREENFIELD APPLICATIONS, INC, a California Corporation, SAM RIEMER, an individual,<br><br>Defendants. | Case No.: '17CV0719 W AGS<br><br>**COMPLAINT FOR DAMAGES, INCLUDING PUNITIVE DAMAGES, INTEREST AND ATTORNEY'S FEES, AND FOR INJUNCTIVE RELIEF**<br><br>**Violation(s) of Telephone Consumer Protection Act of 1991**<br>**Trespass to Chattel**<br>**Unfair Business Practices** |

COMES NOW Plaintiff JONATHAN SAPAN (hereinafter referred to as "Plaintiff") who alleges as follows:

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff at all times herein mentioned was a resident of the County of San Diego, State of California.

2. Defendant GREENFIELD APPLICATIONS, INC ("GREENFIELD") is, and at all times herein mentioned was, a corporation, doing business in the County of San Diego, State of California.

3. Defendant SAM RIEMER ("RIEMER") is, and at all times herein mentioned was, an individual doing business in the County of County of San Diego, State of California.

4. GREENFIELD and RIEMER are collectively referred to herein as "Defendants".

5. This case is filed pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 et. seq. The U.S. Supreme Court recently decided that federals courts have federal question subject matter jurisdiction over such civil actions under 28 U.S.C. §§ 1331 and 1441. *Mims v. Arrow Fin. Services, LLC*, -- U.S. --, 132 S.Ct. 740, 753 (2012). The state law claim herein arises out of a common nucleus of operative facts and is subject to supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6. At all times herein mentioned each defendant was the partner, agent and employee of each co-defendant herein and was at all times acting within the

scope of such partnership, agency and employment and each defendant ratified the conduct of each co-defendant herein.

## FACTUAL SUMMARY

7. Defendants made 5 auto-dialed prerecorded calls to JONATHAN SAPAN's cellular phone number (857-225-1131) wherein they tried to pitch their mobile marketing consultancy services on the following dates and times and using the following Caller Name ID ("CNAM") and from the Caller ID ("CID") numbers:

- 12/11/2015 1:35 PM CID: 302-212-1775 CNAM: "APP"
- 1/20/2016 10:32 AM CID: 214-408-7014 CNAM: "APP"
- 1/22/2016 2:37 PM CID: 562-600-0617 CNAM: "APP"
- 2/24/2016 8:19 AM CID: 215-274-9546 CNAM: "APP"
- 4/1/2016 1:32 PM CID: 214-308-7014 CNAM: "APP"

8. Mr. Sapan's cell phone has been listed on the federal "Do Not Call" registry maintained by the Federal Trade Commission from at least December 1, 2015 to present.

9. While each of the calls complained of above used the same CNAM number, none of them transmitted actual correct name information as required by law. 47 C.F.R. § 64.1601(e). Plaintiff alleges on information and belief that the name of the Defendants was omitted specifically to induce victims to answer calls.

Call Details

10. Defendants called Mr. Sapan on December 11, 2015 at 1:35 pm using the CID 302-212-1775 and the CNAM "APP".

11. Mr. Sapan answered and Defendants' automated calling system played a pre-recorded female-voiced message which began by identifying the caller as, ""Hello this is Jessica your Apple mobile marketing specialist", pitching their mobile marketing consultancy services.

12. Defendants' prerecorded pitch was an "interactive voice response system" where victims are prompted to 'press 1' if interested.

13. Mr. Sapan, in order to figure out who was calling, followed the prompt and was then transferred to a live person who continued the pitch and identified the company website as www.greenfieldapplications.com.

14. Defendants called Mr. Sapan two more times, once on January 20, 2016 at 10:32 am using the CID 214-408-7014 and the CNAM "APP", then again on January 22, 2016 at 2:37 pm using the CID 562-600-0617 and the CNAM "APP".

15. Mr. Sapan did not answer these calls, but alleges on information and belief that that these calls were prerecorded telesolicitation calls that used the exact same sales recording as the previous call on December 11, 2015 discussed above which used the same rather unique CNAM of "APP".

16. Defendants called Mr. Sapan on February 24, 2016 at 8:19 am using the CID 215-274-9546 and the CNAM “APP”.

17. Mr. Sapan answered and Defendants’ automated calling system played the exact same pre-recorded female-voiced message, " Hello this Jessica your Apple mobile marketing specialist", pitching their mobile marketing consultancy services.

18. Defendants prerecorded pitch was an “interactive voice response system” where victims are prompted to ‘press 1’ if interested.

19. Mr. Sapan, in order to figure out who was calling, followed the prompt and was then transferred to a live person named “Steven”.

20. Mr. Sapan asked “Steven” for the name of the company making the calls to which “Steven” responded by abruptly hanging up on Mr. Sapan.

21. Plaintiff alleges on information and belief that the reason “Steven” hung up when asked the company name is because he and the Defendants who employed him knew their prerecorded telesolictation calling was illegal.

22. Defendants called Mr. Sapan one more time on, April 1, 2016 at 1:32 pm using the CID 214-308-7014 and the CNAM “APP”.

23. Mr. Sapan did not answer this call, but alleges on information and belief that that this call was a prerecorded telesolicitation call that used the exact

same sales recording as the previous calls discussed above which used the same CNAM "APP".

24. The prerecorded message in the calls Mr. Sapan answered was not introduced by a live natural person as required by the California Consumer Legal Remedies Act ("CLRA"), nor did the preprecorded message identify the calling entity or person by name as required by both the TCPA and CLRA.

25. Mr. Sapan alleges on information and belief that for each of the unanswered calls Defendants used the same or similar prerecorded message which was not introduced by a live natural person nor identified the caller by name as required by the CLRA and TCPA.

## Liability of GREENFIELD

26. Manually entering the website given by Defendants' representative in the first call (www.greenfieldapplications.com) into a web browser pulls up an active webpage which identifies a business name as "Greenfield Applications".

27. Pressing the "Contact Us" button on the "Greenfield Applications" website brings up an address at "4590 MacArthur Blvd, Ste 500, Newport Beach, CA 92660". (http://greenfieldapps.wpengine.com/?page_id=1179).

28. A business search of the address "4590 MacArthur Blvd, Ste 500, Newport Beach, CA 92660" shows that the corporation "GREENFIELD

APPLICATIONS, INC." is located at that address, which is the defendant GREENFIELD.

Liability of RIEMER

29. Defendant RIEMER is, and at all times herein mentioned was, the co-owner, co-founder of and a partner in Defendant GREENFIELD.

30. RIEMER lists himself as co-founder and partner in GREENFIELD on his online profile on LinkedIn.com. (https://www.linkedin.com/in/sam-riemer-37821291).

31. RIEMER states that GREENFIELD is engaged in "marketing and sales, as well as "telecomm" on his online profile on LinkedIn.com, showing that GREENFIELD and RIEMER are engaged in a business that includes junk calling.

32. Furthermore, RIEMER's self-made profile specifies that he is "Primarily responsible for marketing and sales, as well as telecomm…"

33. Plaintiff alleges on information and belief that RIEMER in his position as the co-founder and partner and the one primarily responsible for marketing, sales and "telecomm" in GREENFIELD made the violative calls, ordered them made, knew the calls described above were being made and did nothing, or was willfully and recklessly ignorant of the fact his company was making the calls described above.

Actual Harm & Willful and Knowing Conduct

34. Mr. Sapan has been harmed by the junk calls complained of herein by the direct waste of his time during the calls themselves, the indirect waste of time in having to break from other important tasks and spend time catching up after these junk calls, the waste of telephone service which he and not Defendants must pay for, the costs of having to pursue legal remedies, and in the aggravation and consequent health effects of stress these illegal intrusions have caused.

35. Mr. Sapan has been harmed by the calls he did not answer by the direct waste of his time in having to check the Caller ID while he was busy in meetings or with other projects before declining the call, the indirect waste of time in having to break from other important tasks and spend time catching up after these junk calls, the waste of telephone service which he and not Defendants must pay for, the costs of having to pursue legal remedies, and in the aggravation and consequent health effects of stress these illegal intrusions have caused.

36. During each of Defendants' calls, Plaintiff wanted to make or receive a call to/from someone else for his own personal or business reasons and was blocked from doing so by the line being tied up by Defendants.

37. As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 1% of his monthly phone bills in

between December 2015 and April 2016 since Defendants calls constituted 1% or more of the total calls to his phone.

38. Plaintiff alleges on information and belief that Defendants made the calls described above intentionally, in the sense that the number called was the one they meant to call in pitching their services.

39. Plaintiff alleges on information and belief that Defendants made the calls described above knowing that they were made in contravention of the TCPA and other telemarketing laws and regulations.

## <u>FIRST CAUSE OF ACTION</u>

[TCPA Violation – Prerecorded Calls to Cell Phone – For All 5 Calls]

40. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

41. Plaintiff are bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

42. Subdivision (b) (1) (A) (iii) of Section 227 of Title 47 of the United States Code makes it unlawful for any person to "Make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice...to any telephone number assigned to a paging service, specialized mobile

radio service, or other radio common carrier service, or any service for which the called party is charged for the call."

43. Defendants have been calling Plaintiffs' number assigned to a wireless service, using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's express permission during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658. These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendants have made many more violative calls to Plaintiff's number assigned to a wireless service. These calls were not made for any emergency purpose, nor were these calls exempt under subdivisions (a) and/or (c) of section 64.1200 of title 47 of the Code of Federal Regulations.

44. Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations of 47 U.S.C. §227 (b) (1) (A) (iii). Plaintiffs may recover injunctive relief as well as actual damages or $500.00 per violation, whichever is greater. If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

/ / /

/ / /

## SECOND CAUSE OF ACTION

[TCPA Violation – Do Not Call List – For All 5 Calls]

45. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

46. Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

47. Subdivision (c) (2) of Section 64.1200 of Title 47 of the Code of Federal Regulations makes it unlawful for any person to "initiate any telephone solicitation" to "A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations".

48. At all times relevant to this complaint, Plaintiff had registered his residential telephone number on the national do-not-call registry maintained by the U.S. Government.

49. Defendants have called Plaintiff's residential telephone line for solicitation purposes during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658. These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendants have made many more violative calls to Plaintiff's residential telephone line. These calls were not made in error,

nor did Defendants have express permission from Plaintiff to call, nor did Defendants have a personal relationship with Plaintiff. 37 C.F.R. § 64.1200 (c) (i), (ii), & (iii).

50. Subdivision (c)(5) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations the national do-not-call registry rules promulgated thereunder. Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both. If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

**THIRD CAUSE OF ACTION**

[Violation(s) of California Civil Code § 1770 (a) (22) (A) –
For All 5 Prerecorded Telesolicitation Calls]

51. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

52. California Civil Code § 1770 (a) (22) (A) requires that all recorded messages disseminated within the state be introduced by a live, natural voice giving the name of the entity calling, the name of the entity being represented, an address or phone number for that entity, and asking permission to play the recording. Defendant’s illegal prerecorded telemarketing calls to Plaintiff failed to comply with this requirement.

53. As a proximate result of defendants' violation of Civil Code section 1770, plaintiff has suffered and continues to suffer damages in an amount not yet ascertained, to be proven at trial.

54. Civil Code section 1780 (a) (2) provides for an injunction against future conduct in violation of Civil Code section 1770.

55. Civil Code section 1780 (a) (4) provides for an award of punitive damages for violations of Civil Code section 1770.

56. Civil Code section 1780 (d) provides for an award of attorneys fees for plaintiffs harmed by California Civil Code §1770 (a) (22) (A) violations.

57. Civil Code section 1782 requires that, thirty days or more prior to the commencement of an action for damages pursuant to this title, Plaintiff give notice in writing via certified mail with return receipt requested of his claims under Civil Code section 1770. Plaintiff did so by having his attorneys send a written cease and desist and demand letter via certified mail with return receipt requested to Defendants at their principal places of business well over 30 days prior to the filing of the instant action.

**FOURTH CAUSE OF ACTION**

[Trespass to Chattel – For All 5 Calls]

58. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

59. The conduct by defendants complained of herein, namely illegally calling Plaintiff's phone, constitutes an electronic trespass to chattel.

60. At no time did Plaintiff consent to this trespass.

61. As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 1% of his monthly phone bills in between December 2015 and April 2016 since Defendants calls constituted 1% or more of the total calls to his phone.

62. In making the illegal calls described above, defendants were guilty of oppression and malice, in that defendants made said calls with the intent to vex, injure, or annoy Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff therefore seeks an award of punitive damages.

**FIFTH CAUSE OF ACTION**

[Engaging in Unfair Business Practices – For All 5 Calls]

63. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

64. Because these telephone calls violate federal statutes, they are unlawful business practices within the meaning of section 17200 of the Business and Professions Code.

65. As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 1% of his monthly phone bills in

between December 2015 and April 2016 since Defendants calls constituted 1%.

66. Section 17203 of the Business and Professions Code entitles Plaintiff to an injunction enjoining defendants from engaging in unfair or unlawful business practices.

WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as follows:

On the FIRST CAUSE OF ACTION:

1. For an award of $500.00 for each violation of 47 U.S.C. §227;
2. For an award of $1,500.00 for each such violation found to have been willful;

On the SECOND CAUSE OF ACTION:

3. For an award of $500.00 for each violation of 47 C.F.R. §64.1200 (c) (2);
4. For an award of $1,500.00 for each such violation found to have been willful;

On the THIRD CAUSE OF ACTION:

5. For compensatory damages according to proof;
6. For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in activity in violation of California Civil Code §1770 (a) (22) (A);
7. For punitive damages;
8. For attorney's fees;

On the FOURTH CAUSE OF ACTION:

9. For compensatory damages according to proof;
10. For punitive damages;

On the FIFTH CAUSE OF ACTION:

11. For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in unfair or unlawful business practices pursuant to section 17203 of the Business and Professions Code;

On ALL CAUSES OF ACTION:

12. For attorney's fees pursuant to California Code of Civil Procedure § 1021.5.

13. For costs of suit herein incurred; and

14. For such further relief as the Court deems proper.

DATED: April 7, 2017

**PRATO & REICHMAN, APC**

/s/Christopher J. Reichman, Esq.
By: Christopher J. Reichman, Esq.
**Prato & Reichman, APC**
Attorneys for Plaintiff
JONATHAN SAPAN